NO. 07-11-0071-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2011
_____

RAMON SANCHEZ III,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 121st DISTRICT COURT OF TERRY COUNTY;

NO. 5866; HON. KELLY MOORE, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Ramon Sanchez III, appellant, appeals his conviction for unlawful possession of a firearm by a felon. Appellant timely perfected his appeal. The clerk's record was filed on April 14, 2011, and the reporter's record on April 20, 2011. Appellant's brief was due on May 19, 2011. On May 25, 2011, counsel filed a request to extend the time to file the brief, which was granted to June 20, 2011. The brief was not filed by that date and on June 28, 2011, counsel filed a second extension request to file the brief, which was granted to July 11, 2011, with the admonition that no further extensions would be

granted, and if the brief was not filed by that date, the appeal would be abated. Instead of receiving appellant's brief by the due date, the court received a third extension request for an additional thirty days to file appellant's brief.

Those convicted of criminal acts are entitled to effective assistance of counsel on appeal. The failure of counsel to timely prosecute an appeal falls short of rendering such assistance. Consequently, we abate the appeal and remand the cause to the 121st District Court of Terry County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant is indigent and entitled to appointed counsel, and 3) whether appellant's current attorney was appointed or retained. The trial court is ordered to execute pertinent findings of fact on these matters. Should it be found that appellant desires to pursue the appeal, is indigent, and his current legal counsel was appointed, then the trial court is ordered to remove appellant's current legal counsel and appoint another to zealously represent appellant's interest on appeal. The name, address, phone number, telefax number, and state bar number of the new attorney must also be included in the court's findings of fact and conclusions of law. Should it be determined that counsel was retained, then this appellate court will initiate appropriate disciplinary measures against him to secure compliance with its orders and the ethical and fiduciary duties due his client. Lastly, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the

2

aforementioned hearing. The foregoing supplemental clerk's and reporter's records must be filed by the trial court with the clerk of this court on or before August 19, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before August 19, 2011.

It is so ordered.

Per Curiam

Do not publish.